IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| GULF COAST RACING, LLC, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § 2:22-CV-146-Z |
| | § |
| HORSERACING INTEGRITY | § |
| & SAFETY AUTHORITY, INC., *et al.*, | § |
| | § |
| Defendants. | § |

## ORDER

Before the Court is Defendants' Joint Motion for an Expedited Order Staying Briefing ("Motion") (ECF No. 38), filed on December 2, 2022. Having reviewed the Motion, briefing, and relevant law, the Court **GRANTS** the Motion **IN PART**.

### BACKGROUND

For over 125 years, thoroughbred horseracing has been regulated by the States. But on December 27, 2020, Congress enacted the Horseracing Safety and Integrity Act ("HISA"). *See* 15 U.S.C. §§ 3051 *et seq*. HISA empowers the Horseracing Safety and Integrity Authority to "develop[] and implement[] a horseracing anti-doping and medication control program and a racetrack safety program for covered horses, covered persons, and covered horseraces." *Id.* § 3052(a).

Plaintiffs Gulf Coat Racing LLC, LRP Group Ltd, Valle de Los Tesoros Ltd, Global Gaming LSP LLC, and Texas Horsemen's Partnership LLP are all engaged in the horseracing industry impacted by HISA. Plaintiffs ask this Court to declare HISA unconstitutional because it violates: (1) the Appointments Clause of Article II, Section 2, Clause 2; (2) the Vesting Clause of Article II, Section 1, (3) the nondelegation doctrine under Article I, Section 1; (4) the Seventh Amendment's right to trial by jury; (5) Article III by vesting the Federal Trade Commission with judicial power over private rights;

(6) the Tenth Amendment's anti-commandeering clause; and (7) the Fourth Amendment's protections against unreasonable searches and seizures.

Pursuant to parties' agreement, the Court entered the briefing schedule in this case on September 30, 2022. *See* ECF No. 29. The schedule allows Defendants 45 calendar days to file responses to motions for summary judgment and cross-motions for summary judgment. *Id.* at 2. The schedule also allows Defendants 30 calendar days to file their reply in support of those motions. *Id.* at 3. But before this case was filed, Defendants faced a similar challenge in this Court's Lubbock Division. *See Nat'l Horsemen's Benevolent and Protective Ass'n v. Black*, Civ. A. No. 5:21-CV-00071, 2022 WL 982464 (N.D. Tex., Jan. 27, 2022). That case was appealed to the Fifth Circuit. *See Nat'l Horsemen's Benevolent & Protective Ass'n v. Black*, No. 22-10387, 2022 WL 17075011 (5th Cir. Nov. 18, 2022). The Fifth Circuit held that HISA is facially unconstitutional because it violates the private non-delegation doctrine. *Id.* Therefore, Defendants argue good cause supports a stay of parties' briefing pending the final resolution of the appellate proceedings in *Black*. ECF No. 38 at 1. In the alternative, Defendants request a 60-day extension of the time in which to file their combined responses. *Id.* at 3.

### LEGAL STANDARD

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Proper use of this authority "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255. "Only in rare circumstances will a litigant

in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.*

"Before granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the other case in light of the principle that stay orders will be reversed when they are found to be immoderate or of an indefinite duration." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (internal marks omitted). "Thus, a stay must be so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Id.* (internal marks omitted).

### ANALYSIS

### A. No Good Cause Exists to Stay This Action

This is not one of the "rare" circumstances in which Plaintiffs should be compelled to stand aside while Defendants litigate another case. *Landis*, 299 U.S. 248 at 255. Defendants make no showing of "hardship or inequity" in complying with the briefing schedule they previously agreed to. Defendants were already aware of the then-pending appeal in *Black* when they agreed to the schedule. The Court recognizes that the Fifth Circuit's decision in *Black* could moot this challenge or clarify some of the issues. But Plaintiffs advance seven distinct constitutional challenges to HISA — including the nondelegation doctrine. Plaintiffs argue HISA violates the doctrine on three alternate bases. *See* ECF No. 36 at 36. *Black* considered only one of those bases. *See* 2022 WL 17075011 at *15 (holding HISA unconstitutional based on private nondelegation). Thus, the Court does not anticipate that the final resolution of *Black* will necessarily clarify the issues in this case by much. For that reason, the Court disagrees that "proceeding with briefing Plaintiffs' legal claims before there is such clarity would impose a tremendous waste of party and judicial resources." ECF No. 38 at 3.

3

Additionally, Defendants are considering whether they will petition for a writ of certiorari before the Supreme Court. ECF No. 38 at 3. Hence, it could be months or even years before *Black* reaches finality. Until then, a stay could unfairly harm Plaintiffs because *Black* only binds the parties in that case. However, Plaintiffs do not respond to Defendants' alternate request for a 60-day extension for their filing. Parties contemplated that *Black* might justify changing the briefing schedule. *See* ECF No. 39 at 7. Accordingly, the Court holds that a 60-day extension is the most appropriate way to "maintain an even balance." *Landis*, 299 U.S. at 254–255. Defendants are hereby **ORDERED** to file their combined responses to Plaintiffs' motion for summary judgment and cross-motions to dismiss or summary judgment **on or before March 6, 2023**. The Court otherwise leaves the briefing schedule intact.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion **IN PART**.

**SO ORDERED.**

December 1*2*, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4